UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

RONALD J. SHEPPARD,

Movant,

v.

UNITED STATES OF AMERICA,

Respondent.
_________________________________/

File No. 1:04-CV-639

HON. ROBERT HOLMES BELL

**OPINION**

This matter comes before the Court on Movant Ronald J. Sheppard's motion under 28 U.S.C. § 2255 to vacate, set aside, or correct the sentence imposed upon him by this Court on March 25, 2004.

**I.**

On December 9, 2003, Movant entered a plea of guilty in this Court to one count of being a felon in possession of a firearm, in violation of 18 U.S.C. § 922(g)(1). On March 25, 2004, he was sentenced to 60 months in prison and a $2,000 fine. Movant did not appeal his sentence.

On September 3, 2004, Movant filed a motion to amend his presentence report to correct perceived inaccuracies. That order was denied in an order issued on September 28, 2004. On September 23, 2004, while the motion to amend was pending, Movant filed the instant § 2255 motion.

Movant raises the following three issues in his §2255 motion: (1) ineffective assistance of counsel in failing to order transcripts from unspecified past state convictions, failing to cross-examine unspecified witnesses, and failing to return calls; (2) counsel did not represent Movant to the fullest extent because, according to Movant, the base offense level should have been 21 and, with credit for accepting responsibility, he should have been given "an upward departure[]" that would bring his sentence to 41-51 months; and (3) possession of a firearm is not a crime of violence and, absent witness testimony about its use, the offense could not be used to enhance his offense level.

**II.**

A prisoner who moves to vacate his sentence under § 2255 must show that the sentence was imposed in violation of the Constitution or laws of the United States, that the court was without jurisdiction to impose such sentence, that the sentence was in excess of the maximum authorized by law, or that it is otherwise subject to collateral attack. 28 U.S.C. § 2255. To prevail under § 2255, "a petitioner must demonstrate the existence of an error of constitutional magnitude which had a substantial and injurious effect or influence on the guilty plea or the jury's verdict." *Griffin v. United States*, 330 F.3d 733, 736 (6th Cir. 2003) (citing *Brecht v. Abrahamson*, 507 U.S. 619, 637 (1993)). "Relief is warranted only where a petitioner has shown 'a fundamental defect which inherently results in a complete miscarriage of justice.'" *Id.* (quoting *Davis v. United States*, 417 U.S. 333, 346 (1974)).

In order to obtain collateral relief under § 2255, a petitioner must clear a significantly higher hurdle than would exist on direct appeal. *United States v. Frady*, 456 U.S. 152, 166 (1982). A petitioner is procedurally barred from raising claims in a § 2255 motion, even those of constitutional magnitude, to which no contemporaneous objection was made or which were not presented on direct appeal. *Frady*, 456 U.S. at 167-68; *Nagi v. United States*, 90 F.3d 130, 134 (6th Cir. 1996). Where a defendant has procedurally defaulted a claim by failing to raise it on direct review, the claim may be raised in a motion under § 2255 only if the defendant first demonstrates either cause for the default and actual prejudice or that he is actually innocent. *Bousley v. United States*, 523 U.S. 614, 622 (1998). The procedural default rule does not apply, however, to claims of ineffective assistance of counsel. Claims of ineffective assistance of trial counsel generally are not reviewable on direct appeal, because the record may be inadequate to permit review. *See United States v. Kincaide*, 145 F.3d 771, 785 (6th Cir. 1998); *United States v. Tucker*, 90 F.3d 1135, 1143 (6th Cir. 1996). Consequently, such claims may be raised for the first time in a § 2255 proceeding, without regard to a failure to raise them on direct appeal. *See Tucker*, 90 F.3d at 1143; *United States v. Allison*, 59 F.3d 43, 47 (6th Cir. 1995).

In an action to vacate or correct the sentence, a court is required to grant a hearing to determine the issues and make findings of fact and conclusions of law "[u]nless the motion and the files and records of the case conclusively show that the prisoner is entitled to no relief. . . ." 28 U.S.C. § 2255.

> The statute "does not require a full blown evidentiary hearing in every instance . . . . Rather, the hearing conducted by the court, if any, must be tailored to the specific needs of the case, with due regard for the origin and complexity of the issues of fact and the thoroughness of the record on which (or perhaps, against which) the section 2255 motion is made."

*Smith v. United States*, 348 F.3d 545, 550-51 (6th Cir. 2003) (quoting *United States v. Todaro*, 982 F.2d 1025, 1030 (6th Cir. 1993)). No evidentiary hearing is required if the petitioner's allegations "cannot be accepted as true because they are contradicted by the record, inherently incredible, or conclusions rather than statements of fact." *Engelen v. United States*, 68 F.3d 238, 240 (8th Cir. 1995), *quoted in Arredondo v. United States*, 178 F.3d 778, 782 (6th Cir. 1999). Where the judge considering the § 2255 motion also conducted the trial, the judge may rely on his or her recollections of the trial. *Blanton v. United States*, 94 F.3d 227, 235 (6th Cir. 1996).

**III.**

The files and records in this case conclusively show that Movant is not entitled to relief in this action. As previously stated, because Movant did not appeal, his claims are procedurally defaulted, with the exception of his first ground of relief based on ineffective assistance of counsel. *See Tucker*, 90 F.3d at 1143. As a result, his remaining claims may be raised only if he first demonstrates either cause for the default and actual prejudice or that he is actually innocent. *Bousley*, 523 U.S. at 622.

To show cause excusing a procedural default, a defendant must point to "some objective factor external to the defense" that prohibited him from raising his claim on direct

appeal. *See Murray v. Carrier*, 477 U.S. 478, 488 (1986). Put another way, cause requires a showing of some "external impediment" preventing a defendant from raising the issue on direct appeal. *See McCleskey v. Zant*, 499 U.S. 467, 497 (1991). To show prejudice, a defendant must demonstrate an error that worked to his actual and substantial disadvantage. *Frady*, 456 U.S. at 170. Failure to show one or the other will preclude review of his claim. *See Engel v. Isaac*, 456 U.S. 107, 134 n.43 (1982).

As cause for his procedural default, Movant appears to claim that he was deprived of the effective assistance of counsel. Attorney error may constitute cause excusing a procedural default if the error amounts to the ineffective assistance of counsel. *Murray*, 477 U.S. at 488. As a consequence, the Court will consider whether defense counsel was ineffective with respect to any of the issues on review.

In *Strickland v. Washington*, 466 U.S. 668, 687-88 (1984), the Supreme Court established a two-prong test by which to evaluate claims of ineffective assistance of counsel. To establish a claim of ineffective assistance of counsel, the petitioner must prove: (1) that counsel's performance fell below an objective standard of reasonableness; and (2) that counsel's deficient performance prejudiced the defendant resulting in an unreliable or fundamentally unfair outcome. A court considering a claim of ineffective assistance must "indulge a strong presumption that counsel's conduct falls within the wide range of reasonable professional assistance." *Id.* at 689. The defendant bears the burden of overcoming the presumption that the challenged action might be considered sound trial

strategy. *Id.* (citing *Michel v. Louisiana*, 350 U.S. 91, 101 (1955)); *see also Nagi v. United States*, 90 F.3d 130, 135 (6th Cir. 1996) (holding that counsel's strategic decisions were hard to attack). The court must determine whether, in light of the circumstances as they existed at the time of counsel's actions, "the identified acts or omissions were outside the wide range of professionally competent assistance." *Strickland*, 466 U.S. at 690.

Even if a court determines that counsel's performance was outside that range, the defendant is not entitled to relief if he was not prejudiced by counsel's error. *Id.* at 691. To establish prejudice, the defendant must establish "a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different. A reasonable probability is a probability sufficient to undermine confidence in the outcome." *Id.* at 694.

When deciding a claim of ineffective assistance of counsel, a court "need not address both components of the inquiry 'if the defendant makes an insufficient showing on one.'" *Campbell v. United States*, 364 F.3d 727, 730 (6th Cir. 2004) (quoting *Strickland*, 466 U.S. at 697). "If it is easier to dispose of an ineffectiveness claim on the ground of lack of sufficient prejudice, which we expect will often be so, that course should be followed." *Strickland*, 466 U.S. at 697.

A. Ground One

In his first ground for relief, Movant asserts that defense counsel was ineffective when she failed to request state transcripts from unspecified cases, failed to cross-examine

unidentified witnesses and failed to return his telephone calls. Movant's vague allegations fail to demonstrate that counsel was ineffective or that he was prejudiced in any way by counsel's conduct.

First, even assuming counsel failed to return Movant's telephone calls, Movant has failed entirely to allege prejudice resulting from that failure. Indeed, Movant's own attachments indicate that counsel corresponded with Movant about the presentence report and filed extensive objections to that report. Movant identifies no information counsel failed to consider or argue as the result of any failure to communicate.

In addition, Movant's claim that counsel failed to cross-examine witnesses is factually baseless. Movant apparently refers to the fact that the government originally intended to call Movant's girlfriend, Toya Bond, as a witness at the sentencing hearing in order to support a four-level enhancement to the base offense level for the use or possession of a firearm in connection with another felony, pursuant to U.S.S.G. § 2K2.1(b)(5). In a letter to Movant, counsel stated that she intended to cross-examine Bond, if she was called to testify at the sentencing hearing. However, at sentencing, the government did not call Bond to testify. As a result, counsel had no need or opportunity to cross-examine Bond. Counsel's performance, therefore, was entirely proper.

Further, because the Court did not accept the four-level enhancement to the base offense level, the issue about which Toya Bond arguably would have testified, Bond's

testimony was not relevant to Movant's ultimate sentence. As a result, Movant could not have been prejudiced by any failure to cross-examine Bond.

With respect to counsel's alleged failure to request state-court transcripts and to research what happened at certain unspecified trials, Movant fails to allege what information defense counsel failed to uncover that would have benefitted Movant at sentencing. Arguably, Movant refers to his 2002 conviction for felony domestic violence, third offense, and his 1997 conviction for felony assault, third offense. Those two felony convictions for crimes of violence supported a finding of a base offense level of 24 under U.S.S.G. § 2K2.1(a)(2). However, the presentence report reveals that Movant agreed with the facts of both convictions. Even now, Movant does not argue that those convictions were not felonies amounting to crimes of violence. He fails entirely to allege what facts could have been discovered by counsel that would have undermined the determination of the base offense level. He therefore has failed to allege either attorney error or prejudice resulting from such error. Movant's first ground for relief, therefore, is patently without merit.

B. Ground Two

In his next claim, Movant vaguely alleges that he should have been given a lower base offense level and that counsel did not effectively represent him by advocating for the reduction. Movant's claim is difficult to decipher. He appears to claim that his base offense level should have been 21 and that, with credit for acceptance of responsibility, his

sentencing range would have been 41 to 51 months, as opposed to the range of 57 to 71 months that the Court found applicable.

The argument is nonsensical. First, pursuant to U.S.S.G. § 2K2.1(a), a base offense level of 21 was not possible under any factual scenario, since base offense levels under the provision are staggered in even numbers, *e.g.*, 20, 22, 24 or 26. Second, unless Movant could demonstrate that his 1997 and 2002 felony convictions were not crimes of violence, the base offense level of 24 could not be disputed. As the Court previously has observed, Movant admitted to the probation officer that he was convicted of the felonies. Even now, Movant does not suggest that those convictions were not felonies involving crimes of violence. Accordingly, he cannot demonstrate prejudice caused by any attorney failure to challenge the base offense level of 24.

Moreover, the fact that counsel elected to focus her objections to the presentence report on those issues that were most likely to be successful is the "'hallmark of effective advocacy.'" *Smith v. Murray*, 477 U.S. 527, 536 (1986) (quoting *Jones v. Barnes*, 463 U.S. 745, 751-52 (1983)); *see also Strickland*, 466 U.S. at 688 (to require appellate counsel to raise every possible colorable issue "would interfere with the constitutionally protected independence of counsel and restrict the wide latitude counsel must have in making tactical decisions."). Here, counsel was effective in persuading the Court to reject the probation officer's recommendation that the Court add four levels under U.S.S.G. 2K2.1(a)(2), based on the alleged assault of Bond. Counsel also prevailed in her argument that Movant should

be given a three-level downward adjustment for acceptance of responsibility and timely notice of intent to plead, pursuant to U.S.S.G. § 3E1.1(a) and (b). Counsel's performance, therefore, undisputably contstituted "reasonable professional assistance." *Strickland*, 466 U.S. at 689. Movant therefore fails to demonstrate either prong of his claim of ineffective assistance.

C. Ground Three

In his final ground for relief, Movant complains that the offense level should not have been increased based on his alleged use or possession of the firearm because "[I] didn[']t even have a shootgun [sic] in my hands it was in a shead [sic] and the assistant prosecutor didn[']t even use there [sic] witness for tr[ia]l, so what violence was there to anyone." Movant's description clearly refers to his claim that the four-level increase to the base offense level for the alleged assault on Toya Bond should not have been accepted by the Court. As the Court previously has noted, counsel was effective in persuading the Court to reject the four-level increase to the base offense level for the alleged conduct. As a consequence, counsel unquestionably rendered effective assistance in arguing against the enhancement. In addition, no prejudice could have inured to Movant.

**IV.**

The files and records in this case conclusively show that the Movant is entitled to no relief under § 2255. Accordingly no evidentiary hearing is required to resolve the merits of the pending motion. For the reasons stated herein, the motion to vacate, set aside or correct

sentence pursuant to 28 U.S.C. § 2255 must be denied. An order consistent with this opinion will be entered.

Date: February 10, 2006

/s/ Robert Holmes Bell
ROBERT HOLMES BELL
CHIEF UNITED STATES DISTRICT JUDGE